# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| LARRY CHARBERT HAYES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 06-1116 |
| ) | |
| FRANK SHAW, Warden, ) | |
| ) | |
| Respondent. ) | |

## O R D E R

Now before the Court is Petitioner, Larry Hayes' ("Hayes"), Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 and the State's Motion to Dismiss. For the reasons set forth below, the Motion to Dismiss [#13] is GRANTED, and the Petition [#4] is DISMISSED.

### FACTUAL BACKGROUND

On February 9, 1994, Hayes was found guilty of unlawful possession of and unlawful possession with intent to deliver over 900 grams of cocaine in the Circuit Court for Cook County, Illinois. He was sentenced to 55 years' imprisonment and fined $1.3 million. On appeal, he challenged the trial court's decision denying his motion to suppress on various grounds. The Illinois Appellate Court affirmed his sentence and conviction on March 20, 1995. Hayes filed a Petition for Leave to Appeal to the Illinois Supreme Court raising the same the same issue, but his petition was denied on October 4, 1995.

In May 1995, Hayes filed the first of four post-conviction petitions in the trial court. Each petition was dismissed by the trial court. Each dismissal was affirmed on appeal to the Illinois Appellate Court, and his Petitions for Leave to Appeal were denied.

On January 18, 2001, Hayes filed a § 2254 petition in the Northern District of Illinois. His petition was denied as untimely on September 18, 2001. The District Court found that under the most liberal reading of the Illinois post-conviction relief statute, his one-year statute of limitations after which § 2254 petitions cannot be considered by a federal court began to run on December 2, 1998, and expired on December 2, 1999. As his petition was not filed until January 18, 2001, his petition was dismissed as untimely.

Hayes has now filed the present Petition for Writ of Habeas Corpus pursuant to § 2254. The State filed its Motion to Dismiss, and this Order follows.

## **LEGAL STANDARD**

The Antiterrorism and Effective Death Penalty Act of 1996, Pub.L.No. 104-132, 110 Stat. 1214 (April 24, 1996) (the "Act"), amended the law as it pertains to the filing and processing of habeas corpus petitions, including the treatment of second or successive petitions. The current law concerning second and successive habeas petitions is found in 28 U.S.C. § 2244(b)(2), which provides:

> A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless –
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> * * *
>
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
>
> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
>
> (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

28 U.S.C. § 2244(b)(2).

As Hayes previously mounted a collateral attack on his 1994 Cook County conviction in the Northern District of Illinois, the present petition is clearly successive. Section 2244(b)(3)(A) requires the petitioner to "move in the appropriate court of appeals for an order authorizing the district court to consider the application" prior to filing a second or successive application in the district court. Here, Hayes has failed to obtain an order from the Seventh Circuit Court of Appeals authorizing this Court to consider this application. Before this Court is able to consider his petition, he must obtain such an order from the Seventh Circuit Court of Appeals.

## CONCLUSION

For the reasons set forth herein, the State's Motion to Dismiss [#13] is GRANTED, and Hayes' Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 [#4] is DISMISSED for lack of jurisdiction.  This matter is now terminated.

ENTERED this 6th day of September, 2006.

<u>s/ Michael M. Mihm</u>
Michael M. Mihm
United States District Judge
